IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MOISES RODRIGUEZ                  :

     v.                              :   Civil Action No. DKC 13-1544

UNITE HERE LOCAL 25, et al.       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination action are motions to dismiss filed by Defendants Unite Here Local 25 ("Local 25") (ECF No. 10) and Ryman Hospitality Properties, Inc., f/k/a Gaylord Entertainment Company ("Gaylord Entertainment") (ECF No. 17).[1]  The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the motion filed by Local 25 will be granted and the motion filed by Gaylord Entertainment, construed as a motion to quash, will also be granted.

I. **Background**

Plaintiff Moises Rodriguez commenced this action on May 28, 2013, by filing a complaint alleging violation of Title VII of

---

[1] Ryman Hospitality Properties asserts in its motion papers that Gaylord Entertainment was "a non-survivor from a merger effective January 24, 2013, with the surviving entity of such merger being Ryman Hospitality Properties, Inc."  (ECF No. 17, at 1 n. 1).

the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), against his former employer, Gaylord Entertainment, and violation of the Labor Management Relations Act, 29 U.S.C. §§ 151 et seq. ("LMRA"), against Gaylord Entertainment and Local 25, his former union. (ECF No. 1). According to the complaint, Plaintiff, a Hispanic male, began his employment with Gaylord Entertainment at the Gaylord National Harbor Hotel on or about March 3, 2008. He became a member of Local 25 in 2009, and, shortly thereafter, the union negotiated a labor contract with Gaylord Entertainment for its employees, including Plaintiff.

Plaintiff alleges that he was involved in an altercation on the job on or about April 23, 2010, when "another employee . . . approached him, called him a 'basura[,]' and placed his finger on [Plaintiff's] cheek." (ECF No. 1 ¶ 12). In response, Plaintiff "tossed a linen napkin in [the other employee's] direction." (*Id*. at ¶ 14). As a result of this conduct, "Gaylord Entertainment suspended [Plaintiff] for two weeks, and after a grievance meeting held between [Local 25] and Gaylord Entertainment, terminated [his] position[.]" (*Id*. at ¶ 15).

Alleging that "other non-Hispanic employees at Gaylord [Entertainment] have instigated physical fighting and verbal altercations without being discharged from their employment" (*id*. at ¶ 16), Plaintiff asserts that the termination "was motivated by [his] race" (*id*. at ¶ 23), in violation of Title

2

VII. He further asserts that "Gaylord [Entertainment] violated the [LMRA] by discharging [him] without just cause in breach and violation of the terms of [his] employment agreement" (*id.* at 26), and that Local 25 "breached [its] duty of fair representation owing to Plaintiff in the processing of [his] grievance in violation of Plaintiff's rights under the collective bargaining agreement and the [LMRA]" (*id.* at ¶ 30).

On November 19, 2013, Local 25 filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10). Plaintiff opposed that motion (ECF No. 12) and Local 25 filed a reply (ECF No. 14). On January 15, 2014, Gaylord Entertainment moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 17). Plaintiff has not responded to that motion.

**II. The Rule 12(b)(6) Motion**

    **A.    Standard of Review**

Local 25 moves to dismiss the LMRA claim against it on statute of limitations grounds pursuant to Rule 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.

3

8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

The statute of limitations is an affirmative defense that should only be employed to dismiss claims pursuant to Rule 12(b)(6) when it is clear from the face of the complaint that the plaintiff's claims are time barred. *See Eniola v. Leasecomm*

4

*Corp.*, 214 F.Supp.2d 520, 525 (D.Md. 2002); *see also* 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 352 (1990) ("A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading," rendering dismissal appropriate).

B.  **Analysis**

According to Local 25, "claims arising in the context of the union's administration of the collective bargaining agreement are typically 'hybrid' § 301/[breach of the duty of fair representation ("DFR")] claims"; that is, they "necessarily combine two causes: a claim against the employer for breach of the collective bargaining agreement, brought under § 301 of the [LMRA] . . . and a claim against the union for violation of the DFR based on its handling of the employee's grievance." (ECF No. 10-1, at 4-5 (citing *DelCostello v. Teamsters*, 462 U.S. 151, 164-65 (1983)). The union further asserts that it is "well settled that when . . . a plaintiff brings a 'hybrid' § 301/DFR claim, the applicable statute of limitations is six months." (*Id*. at 5). Noting that the complaint makes clear that Plaintiff "knew at least by July 1, 2010[,] that Local 25 had 'declined to represent' [him] in challenging his termination . . . . [he] was required to file []his complaint no later than

January 1, 2011." (*Id.*). Thus, Defendant argues that the instant complaint, filed on November 19, 2013, is time-barred.

Local 25 correctly states the applicable legal standard. As Judge Williams observed in *Lewis v. Washington Metropolitan Area Transit Authority*, Civ. No. 11-0997-AW, 2013 WL 3322292, at *3 (D.Md. June 28, 2013):

> "It has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983) (citation omitted). "Ordinarily, however, an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement." *Id*. at 163–64 (citations omitted). The Supreme Court has "recognized that this rule works an unacceptable injustice when the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *Id*. at 164. "In such an instance, an employee may bring suit against both the employer and the union. . . ." *Id*. (citations omitted). "Such a suit, as a formal matter, comprises two causes of action." *Id*. "The suit against the employer rests on § 301 [of the LMRA], since the employee is alleging a breach of the collective bargaining agreement." *Id*. "The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act." *Id*. "The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *Id*. at 165. "The suit is thus . . . a hybrid § 301/fair

> representation claim. . . ." *Id*. (citation
> omitted). "[T]he six-month statute of
> limitations provided in section 10(b) of the
> NLRA, 29 U.S.C. § 160(b), applies to any
> hybrid section 301 action. . . ." *Int'l
> Longshoremen's Ass'n, AFL-CIO v. Cataneo
> Inc.*, 990 F.2d 794, 799 (4th Cir. 1993)
> (internal quotation marks omitted) (citing
> *DelCostello*, 462 U.S. at 172).

Here, the complaint reflects that "Plaintiff notified each Defendant of his intention to pursue this matter in [c]ourt . . . on July 1, 2010." (ECF No. 1 ¶ 19). Thus, at the latest, "Plaintiff had both actual and constructive knowledge that . . . [the union] would not be taking action on his behalf" on that date. *Lewis*, 2013 WL 3322292, at *4. Because he did not file his complaint until over three years later, it is clear from the face of the complaint that his claims under the LMRA against both defendants are time barred.

In arguing otherwise, Plaintiff advances three arguments. First, he contends that the statute of limitations is an affirmative defense that must be pleaded in an answer to the complaint. While this is an accurate statement of the general rule, dismissal is nevertheless proper where, as here, "the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996).

Plaintiff next argues, somewhat confusingly, that "the statute of limitations is not six months because the causes of

7

action contain[] matters outside the collective bargaining agreement." (ECF No. 12, at 4). He contends that "Defendant breached [its] duty owing to Plaintiff in the processing of [his] grievance in violation of [his] rights under the collective bargaining agreement and the [LMRA] by, in part, acting in a fraudulent and dishonest manner" – actions that were "outside of the collective bargaining agreement and would not completely require interpretation of said agreement." (*Id*. at 4-5). Although Plaintiff appears to argue that another statute of limitations applies, he fails to identify that provision.

Judge Williams rejected a similar argument in *Lewis*, 2013 WL 3322292, at *4:

> [A plaintiff] might argue that this is not a hybrid action and, therefore, a different statute of limitations should apply. One cannot sustain this argument on the facts; this case has all the hallmarks of a hybrid action. Plaintiff has sued both [his employer] and [his union] and has asserted claims sounding in breach of contract and breach of the duty of fair representation. . . . . [A] plaintiff "cannot avoid the application of a federal statute of limitations by characterizing his claims as tort claims." *Tobin v. Grand Union Co., Inc*., 617 F.Supp. 19, 22 (D.Md. 1985) (citing *Allis Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985)); *see also Taylor* [*v. Giant Food, Inc.*], 438 F.Supp.2d [576,] 591 [(D.Md. 2006)] (holding that six-month statute of limitations applied to claim that was "highly similar to unfair labor practice claims" and "brought in conjunction with" claims against employer). Allowing Plaintiff to circumvent the six-month limitations

8

> period applicable to hybrid claims through artful pleading would upset both "the national interests in stable bargaining relationships" and "federal labor laws' overriding policy goal to resolve labor disputes quickly." *Taylor*, 438 F.Supp.2d at 591 (internal quotation marks omitted) (citing *Reed v. United Transp. Union*, 488 U.S. 319, 330 (1989)); *Cataneo*, 990 F.2d at 800 (citations omitted). Accordingly, as this case is a hybrid action, *DelCostello*'s six-month statute of limitations period is applicable.

Moreover, "[t]he Fourth Circuit has held that 'a purportedly state law claim, the resolution of which depends substantially upon the analysis of a collective-bargaining agreement's terms, must either be treated as a claim under § 301 or be dismissed as preempted under federal labor law." *Id.* at 5 (quoting *Davis v. Bell Atl.-W.V., Inc.*, 110 F.3d 245, 247 (4th Cir. 1991)). Plaintiff's substantially similar argument here fails for essentially the same reasons.

Finally, Plaintiff contends that "the [c]ourt should equitably toll the statute of limitations . . . due to the difficulties in serving Defendant during its Circuit Court matter." (ECF No. 12, at 5). Publicly available records reflect that Plaintiff previously sued essentially the same parties in the Circuit Court for Prince George's County; that affidavits of service were filed as of December 2010; that both defendants responded to the complaint by the end of January 2011; and that Plaintiff filed stipulations of dismissal without

9

prejudice soon thereafter. Because Plaintiff did not bring this action for over nine months after service of process was effected in the circuit court case, equitable tolling cannot save his claims.

Accordingly, Plaintiff's claim against Local 25 under the LMRA is subject to dismissal.

**III. The Rule 12(b)(5) Motion**

    **A.   Standard of Review**

Gaylord Entertainment challenges the sufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). When a defendant moves to dismiss for improper service pursuant to Rule 12(b)(5), "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D.Md. 2006); *see also* Fed.R.Civ.P. 4(*l*)(1). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service of process and uphold the jurisdiction of the court." *Id*. (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). The "plain requirement for the means of effecting service of process," however, "may not be ignored." *Armco*, 733 F.2d at 1089.

**B. Analysis**

As noted, Plaintiff has not opposed Gaylord Entertainment's motion to dismiss; thus, he cannot meet his burden on the instant motion. In any event, under Rule 4(h), a domestic corporation may be served by following the law of the state where the district court is located or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and . . . by also mailing a copy of each to the defendant[.]"

Here, the record reflects that service was purportedly effected by private process, on December 23, 2013, upon "Ryan Burroughs as Senior Room Operations Manager & Authorized Agent of Gaylord Entertainment Company at 201 Waterfront St., Oxon Hill, MD 20745." (ECF No. 16). There is no indication that the relevant documents were also mailed to Defendant, as required. Moreover, Gaylord Entertainment asserts, and Plaintiff does not challenge, that Mr. Burroughs was "not an employee of [Defendant], but rather, upon information and belief, is an employee of Marriott International, Inc.," which "currently operates, and has operated, the Gaylord National Resort & Convention Center . . . since October 1, 2012." (ECF No. 17, at 2). Thus, Plaintiff's purported service of process upon this defendant was insufficient under Rule 4(h).

Insufficient service of process, however, does not necessitate dismissal. Where "the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service." *Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983) (quoting *Bailey v. Boilermakers Local 667 of Int'l Bhd. Of Boilermakers*, 480 F.Supp. 274, 278 (N.D.W.Va. 1979)). Where there is no prejudice to the defendant and "there exists a reasonable prospect that service may yet be obtained," dismissal is inappropriate and courts have generally allowed the plaintiff another opportunity to effect service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3rd Cir. 1992). In the interest of justice, Plaintiff will be provided another opportunity to effect service of process upon Gaylord Entertainment. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## IV. Conclusion

For the foregoing reasons, Local 25's motion to dismiss will be granted. Gaylord Entertainment's motion to dismiss, construed as a motion to quash service, will also be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge